UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOSEPH L. PORTER,

    Plaintiff,

    v.      Cause No. 1:23-CV-477-PPS-JEM

FORT WAYNE POLICE DEPARTMENT,
*et al.*,

    Defendants.

## OPINION AND ORDER

Joseph L. Porter, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. [DE 1.] Under 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Porter is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Porter is presently in custody at the Allen County Jail. He sues the Fort Wayne Police Department and three of its officers over events occurring during a traffic

stop on March 18, 2023. His allegations are somewhat difficult to parse, but as best as can be discerned he claims the officers tazed him several times for no reason and caused their dog to bite him, and then refused to get him medical attention after he was arrested. He further claims the officers searched and seized his vehicle for "no reason." He acknowledges that an officer claims to have seen a blood stain on one of seats, but he disputes that it was blood and asserts that additional testing should have been performed. Based on these events, he seeks monetary damages for the violation of his constitutional rights.

Public records reflect that Mr. Porter is currently facing charges of resisting law enforcement, striking a law enforcement animal, attempted murder, domestic battery, and other offenses in Allen County, stemming in part from his altercation with police on March 18.[1] *State of Indiana v. Porter*, 02D05-2303-F3-00024 (Allen Cir. Ct. filed Mar. 23, 2023). A judicial officer found probable cause for his arrest, and the case is scheduled for trial on March 26, 2024. *Id.*

Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Because Mr. Porter is charged with resisting law enforcement and striking a law

---

[1] I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). Documents in the criminal case reflect that police were attempting to effectuate Mr. Porter's arrest after he allegedly stabbed his girlfriend multiple times with a pair of scissors and then fled their apartment. *Porter*, 02D05-2303-F3-00024, Docket Entry 2, 3. The officers additionally claim that he did not comply with their requests to surrender, fought with the police dog, and bit one of the officers on the leg as they were trying to handcuff him. *Id.*

2

enforcement animal, what transpired during the traffic stop and how he acted toward the officers (and their dog) are "issues that may be litigated during the course of [the] criminal case." *Id.* Whether there was a legal basis to search and seize his vehicle, and whether there was blood evidence inside it, also seem likely to be addressed in the criminal case. Deciding these issues in this federal civil rights suit "could undermine the state court proceeding[.]" *Id.* Under these circumstances, I should refrain from taking jurisdiction over these claims. *Id.*

Additionally, any claim that implies the invalidity of the charges brought against him cannot be pursued while "criminal proceedings are ongoing." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Instead, these claims only become cognizable when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated[.]" *Id.* When a plaintiff files a federal civil rights case that draws into question the validity of pending criminal charges, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id*.

I am cognizant that not all of Mr. Porter's claims implicate *Heck.* In fact, an excessive force claim may ultimately be able to proceed even if he is convicted of resisting the officers or striking the police dog. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019). Nevertheless, what exactly happened during the traffic stop is a critical

issue in both cases. Allowing the civil case to proceed before the criminal case is resolved "opens up a[] can of worms, because civil discovery is much broader than criminal discovery—that is, criminal defendants can learn a lot more about the prosecution's case through civil discovery than they otherwise would be able to in the criminal case alone." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). "The distinction between the two discovery protocols is not idle: criminal discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more airtight perjured testimony." *Id.* Because Mr. Porter's criminal and civil cases share a factual overlap, those concerns are present here.

In light of these considerations, I find the best course is to stay this case until the criminal charges have been resolved. If Mr. Porter wishes to proceed with this lawsuit, he must file a motion to lift the stay within 30 days after judgment is entered in the criminal case. Depending on the outcome of the criminal case, I will determine at that time which of his civil claims can proceed. *See Wallace*, 549 U.S. at 394. If he does not move to lift the stay within 30 days of the criminal judgment, the stay will be converted to a dismissal without prejudice.

For these reasons, the Court:

(1) STAYS this case pending the resolution of *State of Indiana v. Porter*, 02D05-2303-F3-00024 (Allen Cir. Ct. filed Mar. 23, 2023);

(2) ORDERS the plaintiff to file a motion to lift the stay within 30 days after judgment is entered in the criminal case;

4

(3) CAUTIONS him that if he does not file a motion to lift the stay by the deadline, the stay will be converted to a dismissal without prejudice; and

(4) DIRECTS the clerk to STATISTICALLY CLOSE this case.

**SO ORDERED** on January 23, 2024.

    /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT